**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

1.    GREGORY R. CAUDILL,          )
                                                            )
                    Plaintiff,              )
                                                            )

v.                                                            )        Case No. CIV-19- 238-KEW

1.    CORE CIVIC OF TENNESSEE, LLC.,  )
      d/b/a DAVIS CORRECTIONAL        )        JURY TRIAL DEMANDED
      FACILITY,                                )        ATTORNEY LIEN CLAIMED
                                                           )
                   Defendants.       )

## COMPLAINT

**COMES NOW THE PLAINTIFF,** Gregory R. Caudill, and for his causes of action herein alleges:

### PARTIES

1. The Plaintiff is Gregory R. Caudill, a male residing in Seminole County, Oklahoma.

2. The Defendant is Core Civic of Tennessee, LLC., d/b/a Davis Correctional Facility an entity doing business in Hughes County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's claims are for a hostile work environment and retaliation for opposing and reporting sexual harassment and by the Oklahoma Anti-Discrimination Act. Such conduct is prohibited by Title VII of the Civil Rights Act of 1964. This Court has jurisdiction over the federal claims under 42 U.S.C. §2000e-5(f)(1) and 28 U.S.C.§1331. Jurisdiction over the state law claim is vested by 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Hughes County, Oklahoma, and the Defendant may be served in that county. Hughes County is in the Eastern District of the United States District Courts for Oklahoma for which reason venue is proper in this Court.

## STATEMENT OF FACTS

5. Plaintiff was an employee of the Defendant from February 6, 2017, until his discharge on or about June 18, 2018.

6. Defendant has at all times employed more than fifteen (15) employees of each week during 2017 and 2018.

7. Plaintiff held all of the qualifications necessary to be an employee for the Defendant.

8. Plaintiff had satisfactorily performed his job duties and was not disciplined prior to his termination.

9. On or about December 28, 2017, Plaintiff's supervisor requested Plaintiff's password to the e-learning system. Plaintiff did not recall his password and so Plaintiff's supervisor changed the password to a sexually offensive reference.

10. Plaintiff complained to his supervisor that the new password offended him.

11. Following Plaintiff's complaint about the sexually offensive password, he was harassed and retaliated against by co-workers and his supervisor. Plaintiff was then moved to a different team. Plaintiff was subjected to co-worker's making crying noises because of his complaint. Plaintiff was excluded from drills and threatened with a permanent, unfavorable assignment.

12. On or about January 20, 2018, Plaintiff reported to the Chief of Security that his password had been changed to a sexually inappropriate name, and that retaliation was occurring because Plaintiff had complained about this.

13. Plaintiff spoke about the harassment and retaliation with the Facility Investigator on or about February 2, 2018 and with the Regional Investigator on or about March 5, 2018.

14. The investigation in Plaintiff's complaint concluded on or about June 18, 2018, and Plaintiff was terminated allegedly for giving his log-in information to his supervisor.

15. Defendant's alleged reason for terminating the Plaintiff was false and pretextual in that the same conduct, except for Plaintiff's protected report, had been engaged in by multiple co-workers who were neither fired nor disciplined.

16. On or about December 12, 2018, Plaintiff timely filed a charge with the EEOC and the State alleging discrimination and retaliation.

17. On or about May 15, 2019, Plaintiff was issued a right to sue letter for his charge of discrimination and retaliation.

18. Plaintiff's complaint was filed within ninety (90) days of the issuance of the right to sue letter.

19. As the direct result of Defendant's discrimination and retaliation, including discharge of the Plaintiff, Plaintiff has suffered lost earnings, past, present and future and dignitary harms.

20. Because the actions of the Defendant were in willful and reckless disregard of Plaintiff's federal and state rights, Plaintiff is entitled to an award of punitive damages.

21. Under the Oklahoma Anti-Discrimination Act, Plaintiff is entitled to an award of liquidated damages in the amount of his lost earnings through the date of trial.

**WHEREFORE,** Plaintiff prays that he be granted judgment against the Defendant on all claims, and that this Court grant the Plaintiff all available compensatory damages, punitive damages, pre- and post-judgment interest, liquidated damages, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 24th DAY OF JULY, 2019.**

                                             s/ Mark Hammons
                                             HAMMONS, HURST, RICHARDS & ASSOCIATES
Mark Hammons, OBA No. 3784
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Phone: (405) 235-6100
Facsimile: (405) 235-6111
*Counsel for Plaintiff*
Jury Trial Demanded/
Attorney Lien Claimed